1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| STEVEN MEJIA LOPEZ, | CV F 05-0267 LJO WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| THOMAS L. CAREY, | |
| Respondent. | |

12

13

14

15

16

17

18

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

19

20

21

## PROCEDURAL HISTORY

22

Pursuant to a jury trial in Fresno County Superior Court, Petitioner was found guilty of three counts of willful harm or injury to a child (Penal Code Section 273a(a)), one count of driving under the influence of alcohol with bodily injury to another (Vehicle Code Section 23153(b)), and the misdemeanor offenses of being an unlicensed driver (Vehicle Code Section 12500(a)), and driving without evidence of financial responsibility (Vehicle Code Section 16028(a).  In a separate proceeding,  Petitioner admitted four prior prison term enhancements (Penal Code Sections 667.5(b))

23

24

25

26

27

28

1  and allegations that he had a prior conviction within the meaning of the three strikes law (Penal Code

2  Sections 667(b)-(I)).

3      Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District

4  ("Court of Appeal").  In an unpublished opinion in case no. F037419, the Court of Appeals affirmed

5  Petitioner's convictions and remanded the matter to the trial court for retrial on the prior prison term

6  enhancements and the prior conviction allegations.  On February 11, 2003, the court made the

7  preliminary determination that Petitioner was the person named in documents that the prosecution

8  intended to use to prove that in 1994 Petitioner was convicted of first degree burglary in Ventura

9  County.  The court also granted the prosecutor's motion to strike three of the prior prison term

10  enhancements.  Thereafter, a jury found true the remaining prior prison term enhancement and the

11  allegation that Lopez had a prior conviction within the meaning of the three strikes law.  The trial

12  court sentenced Petitioner to an aggregate term of thirteen years in state prison.

13      Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District

14  ("Court of Appeal").  The Court of Appeal affirmed Petitioner's conviction and sentence.  Petitioner

15  filed a petition for review, which the California Supreme Court denied on June  9, 2004.

16      The present petition for writ of habeas corpus was filed on February 24, 2005.

**LEGAL STANDARD**

17

18   JURISDICTION

19      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

20  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

21  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

22  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

23  the United States Constitution.  In addition, the conviction challenged arises out of the Fresno

24  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

25  2241(d).  Accordingly, the court has jurisdiction over the action.

26      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

27  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

28  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

1   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

2   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

3   *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

4   to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

5   AEDPA, thus it is governed by its provisions.

6   STANDARD OF REVIEW

7           This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

8   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

9   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

10          The AEDPA altered the standard of review that a federal habeas court must apply with

11  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

12  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

13  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

14  involved an unreasonable application of, clearly established Federal law, as determined by the

15  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

16  determination of the facts in light of the evidence presented in the State Court proceeding." 28

17  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

18  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

19  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

20  concludes in its independent judgment that the relevant state-court decision applied clearly

21  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

22  that application must be objectively unreasonable."  Id. (citations omitted).

23          While habeas corpus relief is an important instrument to assure that individuals are

24  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

25  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

26  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

27  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

28  determinations must be presumed correct, and the federal court must accept all factual findings made

1   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

2   convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

3   (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380,

4   1388 (9th Cir. 1997).

5        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7   exhaustion doctrine is based on comity to the state court and gives the state court the initial

8   opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

9   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198,

10   1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

11        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12   full and fair opportunity to consider each claim before presenting it to the federal court.  <u>Picard v.</u>

13   <u>Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

14   1996).  A federal court will find that the highest state court was given a full and fair opportunity to

15   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

16   basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v.</u>

17   <u>Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

18   must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>,

19   513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

20        When, as here,  the California Supreme Court's opinion is summary in nature, however, this

21   court "looks through" that decision and presumes it adopted the reasoning of the California Court of

22   Appeal, the last state court to have issued a reasoned opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S.

23   797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look

24   through" presumption that higher court agrees with lower court's reasoning where former affirms

25   latter without discussion); <u>see</u> <u>also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n. 7 (9th Cir.2000)

26   (holding federal courts look to last reasoned state court opinion in determining whether state court's

27   rejection of petitioner's claims was contrary to or an unreasonable application of federal law under §

28   2254(d)(1)).

**DISCUSSION**

Denial of Right to Jury Trial

Petitioner contends that the trial court denied him the right to due process and the right to a jury trial on the prior prison term enhancement and the prior conviction allegation by failing to allow the jury to determine whether he was the "Steven Lopez" named in the Ventura County documents that were used to prove those allegations. Petitioner raised this claim on direct appeal to the Court of Appeals, which denied the claim in a reasoned opinion. Petitioner then raised the claim in his petition for review with the California Supreme Court, which denied the petition without comment.

Respondent is correct in arguing that Petitioner was not constitutionally entitled to a jury verdict regarding his prior convictions. In Appredi v. New Jersey, 530 U.S. 466, 490 (2000), the Court held as follows:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." 526 U.S., at 252-253, 119 S.Ct. 1215 (opinion of STEVENS, J.); see also id., at 253, 119 S.Ct. 1215 (opinion of SCALIA, J.).

This language expressly excludes from jury determination the very issue raised here: the fact of a prior conviction. The Court of Appeal reached this same conclusion, citing in part to the above language from Apprendi. Accordingly, the court finds that Petitioner has failed to carry his burden of showing that the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Therefore, the court must conclude that this contention provides no basis for habeas corpus relief.

Sufficiency of the Evidence

Petitioner contends that the evidence presented at trial was insufficient to sustain the jury's finding that he was previously convicted of residential burglary. Petitioner raised this claim on direct appeal to the Court of Appeals, which denied the claim in a reasoned opinion. Petitioner then raised the claim in his petition for review with the California Supreme Court, which denied the

1  petition without comment.

2       The law on insufficiency of the evidence claim is clearly established.  The United States

3  Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a

4  federal court must determine whether, viewing the evidence and the inferences to be drawn from it in

5  the light most favorable to the prosecution, any rational trier of fact could find the essential elements

6  of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency

7  claims are judged by the elements defined by state law.  Id. at 324, n. 16.

8       In denying Petitioner's claim on direct review, the Court of Appeals held as follows:

9       The verdict form for Lopez's prior serious felony conviction, as returned by the jury, stated
   the following:

10       "We the jury in the above-entitled action, find True that the defendant, STEVEN MEJIA
       LOPEZ, was previously convicted of violating Penal Code Section 459/460, residential

11       burglary, a felony, in Ventura County, California, in case number CR35130, on or about
       December 16, 1994.

12
            In order to prove that Lopez had a prior conviction for a serious felony, the

13       prosecutor, in pertinent part, introduced a Fingerprint Card that referred to Lopez's "Burglary
       1ST (p459)," and an abstract of judgment which showed that in 1994, Lopez was convicted in

14       Ventura County of "BURGLARY 1st deg."  Additionally, during the jury trial of the prior
       conviction allegations, Lopez's prior burglary conviction was repeatedly referred to as a first

15       degree burglary conviction.  Nevertheless, Lopez contends the evidence is insufficient to
       sustain the jury's finding that he had a prior conviction for a serious felony because the

16       prosecution failed to present any evidence from which the jury could conclude that his
       conviction for first degree burglary was a conviction for residential burglary.  We disagree.

17
            The three strikes laws requires that a defendant's sentence be doubled if the defendant

18       has prior felony conviction as defined in section 1192.7, subdivision (c) or a violent felony as
       defined in section 667.5, subdivision (b).  (§§ 667, subd. (e)(1).)  In March 2000, when

19       Lopez committed the offenses underlying the instant case, section 1192.7, subdivision (c)(18)
       designated the following burglary offense as a serious felony: "Burglary of an inhabited

20       dwelling house, vessel, as defined in the Harbors and Navigation Code, which is inhabited
       and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.44

21       of the Health and Safety Code, trailer coach as defined by the Vehicle Code, or the inhabited
       portion of any other building."  (Stats. 1998, ch. 936, §§ 13.5.)

22            At that time, first degree burglary was defined in virtually the same terms used in
       section 1192.7, subdivision (c)(18).  (§§ 460; Stats. 1991, ch. 942 (A.B. 628), §§ 15.)

23       (Footnote omitted.)
        .   .   .   .

24       Moreover, the court, in pertinent part, charged the jury as follows: "It is also alleged in the
       information that the defendant previously has been convicted of a felony, a violation of   .   .

25       .  section 459/460, residential burglary of the first degree on December 16, 1994, in the
       county of Ventura Case Number 35130. [P]   You must determine the truth of these

26       allegations."  (Emphasis added.)

27            Although it is the jury's duty to determine whether the defendant suffered any alleged
       prior convictions, "the determination of whether the prior convictions are serious felonies is

28       purely legal [.]" (In re Taylor (2001) 88 Cal.App.4th 1100, 1109.)  Thus, the court acted

1

2

within its discretion in charging the jury with an instruction that characterized residential burglary as first degree burglary.

3

4

Further, based on the court's instruction and the evidence presented by the prosecution, the jury could reasonably conclude that Lopez's first degree burglary conviction was for residential burglary.  Accordingly, we reject Lopez's contention that the evidence is insufficient to sustain the jury's finding that Lopez was convicted of residential burglary.

5

I

6

The court finds that Petitioner has presented nothing to show that this adjudication of the claim by

7

the state court was in any way "contrary to, or involved an unreasonable application of, clearly

8

established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C.

9

§ 2254(d).    Therefore, the court must conclude that this contention provides no basis for habeas

10

corpus relief.

11

Based on the foregoing, the court HEREBY RECOMMENDS as follows:

12

1)      the petition for writ of habeas corpus be DENIED;

13

2)      the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

14

15

These Findings and Recommendation are submitted to the assigned United States District

16

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

17

Local Rules of Practice for the United States District Court, Eastern District of California.  Within

18

thirty (30) days after being served with a copy, any party may file written objections with the court

19

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

20

Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

21

ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

22

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

23

advised that failure to file objections within the specified time may waive the right to appeal the

24

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26

27

IT IS SO ORDERED.

28

Dated:    **January 9, 2008**                              /s/  **William M. Wunderlich**
                                                            UNITED STATES MAGISTRATE JUDGE